Ruffin, Judge.
In actions on contract, if it appear on the pleadings, that too many or too few persons are Plaintiffs, advantage may be taken of it on demurrer, or in arrest of judgment. If it do no; so appear, but a variance appear at the trial, the Plaintiff may be non-, suited, or a verdict taken for the Defendant on the gene-, ral issue. No advantage can be taken of a variance, unless the general issue be pleaded; because the contract is admitíed as stated in the declaration. I mention this, because it shows that the general issue denies the Plaintiff’s whole case, so far as it rests upon the existence, terms and effect of the contract. There are cases however, in which the variance may not appear upon the pleadings, nor upon «he face of i.he contract itself, when produced. This is one of them, and a contract with par ners, under the ñame of their firm, is another. When a contract is thus made with, a class of persons, by their *513 description as a class, or by the name of office, it is to be sued on by them in their natural capacities, and each person composing the class must be a Plaintiff, in the same manner as if each was mentioned nominatim in the contract. Yet it cannot be declared on, as thus mentioning them, because when given in evidence, it would not appear to be the instrument declared on. It must be stated truly, as it reads, and the declaration must then aver, that the Plaintiffs are the persons thus described. The effect is, that it shows them to be the persons to whom, by the contract, the Defendant has come under an obligation to pay money, or to do any other act. Surely, a most material part of the contract, ami. of the description of a contract is, the designation of the person or persons between whom it is made, and on whom it confers an advantage. To identify it as thus described, it would seem that the Plaintiffs must show themselves to be, in fact, the persons meant by the terms of general description. It is admitted by the Counsel for the Plaintiffs, that such is the rule in actions of assumpsit, or debt on simple cmlir&ct. But it is contended, that this is because, non assumpsit or nil debet go to the whole case in the declaration ; and therefore, not only denies any promise, but also the promise to these Plaintiffs. I agree to that, and the rule seems to me to be the same upon non est factum to debt on specialties. This is denied, upon the supposition that this plea only denies the execution of the deed, and its continuing validity. I think it also extends to the legal effect and substance of the deed, as stated in the declara-1 ion. The rule is thus expressed in respectable text writers. (2 Phil. Ev. 88). As an instance however of the distinction contended for between non est factum and non assumpsit, tli- case of debt by the assignee of a bond is put, in which non est factum, would not go to the assignment, though in assumpsit «he general issue would. St is said, this is because in debty the *514 general issue extends only to the execution and validity of the deed. I admit the difference, but not the reason assigned. It is owing to the different mode of declaring. case> *be ,t0^e and assignment are not stated as containing the promise to the Plaintiff, but as creating a debt which formed a consideration, upon which an express promise was made, or is supposed to have been made to the Plaintiff. In debt, no contract between the Plaintiff and Defendant is alleged. The debt to the obligee is ■shown to be created by the bond ; that debt is transferred to the Plaintiff by virtue of the assignment, and by force of the statute j and upon this right alone he founds his action. In assumpsit, the general issue goes to the assignment, because it denies the promise; and that can only be commensurate with the consideration from which it is implied: in debt it does not, because neither the execution, nor continuance, nor effect of the deed depends upon the assignment, which is a subsequent and •independent thing. In debt therefore, the assignment must be denied by a special plea. But this is not like the present question, which turns on the meaning of the deed originally. Why in assumpsit must the Plaintiffs .prove themselves as stated iti the declaration ? Because it is of the substance of the contract alleged. JVbit as-sumpsit denies a promise to these Plaintiffs. So non est factum denies the sealing and delivery of the deed to these Plaintiffs, and to them alone. It puts in issue, whether the Defendant entered into a contract, whereby he became obliged to pay a sum of money to the particular persons who sue him. They say he did : if they say so# they must prove it so. In what other mode can the Defendants protect themselves against a suit brought by too many Plaintiffs. They cannot plead in abatement, because they could not give the intruding Plaintiffs a better writ. The defence, if true, bars them altogether. Besides, how can he know them ? If it be specially pleaded, it will amount to non est factum, and be bad ; *515 fop it puts in issue, whether the deed be such in effect, as described. There is no precedent of such a plea. If indeed the bond be payable to certain persons by name, and others site on it, and it be spread on the record upon oyer, the Defendant may demur or plead in abatement the apparent variance. But if the variance bo not apparent, I know not of any method of taking advantage of it, but by (he general issue. The execution of the deed must be proved to be by the Defendant to the Plaintiffs. The identity of the parties is of the essence of the issue. It will not do, says Mr. Justice Butler, that one who called himself B, executed the deed $ the witness must know him to be the Defendant. (Law of JV*. p. 171). And so I think it is of the Plaintiffs also. The Defendant cannot plead that another person in his name executed the deed, and so it is not his 5 nor can he plead, that he executed it to other persons, and so not to these Plaintiffs. Both would amount to the general issue, and such pleading is not allowed. I think, therefore, that there must he a new trial.
HaiIi, Judge, concurred.